```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANDRA L. DAVIDOW,
                        Plaintiff,               08-CV-6205T

             v.                                  DECISION
                                                 and ORDER
MICHAEL J. ASTRUE,
Commissioner of Social Security,

                        Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Sandra L. Davidow ("Plaintiff," "Davidow") brings this action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB"). Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") Robert T. Harvey, which denied her application for benefits, was contrary to law and erroneous as it was not supported by substantial evidence in contained in the record.

Now before the Court is the Commissioner's motion for remand for further administrative proceedings and Davidow's cross-motion for judgment on the pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g). For the reasons stated below, Davidow's motion is granted and Commissioner's motion is denied.

**BACKGROUND**

On January 17, 2002, Plaintiff applied for disability insurance benefits, claiming that she became disabled due to fibromyalgia and the pain associated with the disorder on January 1, 2001. (Tr.[1] 59). Her application was initially denied by the Social Security Administration on April 19, 2002. She then filed a timely request for a hearing on May 31, 2002. (Tr. 32-35, 39-40). The hearing was held on October 7, 2004 before ALJ Robert T. Harvey, who issued a decision on November 24, 2004, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 23-30). On March 24, 2006, the ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review the ALJ's denial. (Tr. 5-7).

While this case was pending before the Appeals Council, Plaintiff filed a second application for DIB on August 26, 2005. (Tr. 499). The second application was initially denied and Plaintiff filed a request for a hearing on February 6, 2009. Despite Plaintiff's request, the matter was dismissed/closed by the Office of Disability Adjudication and Review (ODAR) and the file cannot be located. (Tr. 355). The second application, however, was

---

[1] Citations to "Tr." refer to the Transcript of the Administrative Proceedings.

eventually joined with the remand for a second hearing before the ALJ on October 4, 2007.

With regard to the first application, Plaintiff filed an appeal pursuant to 42 U.S.C. § 405 (g) in United States District Court for the Western District of New York on May 25, 2006. See Davidow v. Astrue, 2007 WL 1428430 (W.D.N.Y). In a decision dated March 2, 2007, Judge Charles J. Siragusa remanded the case for further proceedings and specifically directed the ALJ to reassess Plaintiff's credibility, Plaintiff's residual functional capacity, and the weight given the medical source opinions. Id. Accordingly, the Appeals Council vacated the ALJ's decision and remanded the case for further administrative proceedings, including a *de novo* hearing. (Tr. 313-16). On October 4, 2007, Plaintiff again appeared before ALJ Harvey and was represented by Anne Lang, a paralegal. (Tr. 497, 499). On November 8, 2007, ALJ Harvey issued a decision finding again that Plaintiff was not disabled because he determined that she was able to perform her past relevant work as a cashier and receptionist prior to December 31, 2005, the date her DIB-insured status expired. (Tr. 279-89). On March 8, 2008 the ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council declined to accept Plaintiff's untimely filed exceptions to the ALJ's decision. (Tr. 266-69).

Plaintiff subsequently filed this action and argues that there is substantial evidence in the record supporting a reversal of the Commissioner's decision and the award of benefits. See Plaintiff's Memorandum of Law ("Pl. Mem.") (Docket No. 8). The Commissioner's position is that the ALJ's decision should be reversed and remanded for further administrative proceedings before a new ALJ. See Defendant's Motion for Remand (Def. Mot.) at 21 (Docket No. 6).

## DISCUSSION

### I. Jurisdiction and Scope of Review

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the denial of Social Security benefits. See Mathews v. Eldridge, 424 U.S. 319, 320 (1976). In addition, Section 405(g) directs that District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 149 (1997) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Section 405(g) thus limits this Court's scope of review to two inquiries: (i) whether the Commissioner's

conclusions are supported by substantial evidence in the record as a whole, and (ii) whether the Commissioner's conclusions are based upon an erroneous legal standard. See Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003); see also Wagner v. Secretary of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not de novo and that the Secretary's findings are conclusive if supported by substantial evidence).

The fourth sentence of 42 U.S.C. § 405(g) provides this Court with the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." See 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 98, (1991); see also Shalala v. Shaefer, 509 U.S. 292, 297 (1993). This Court may remand a case when the Commissioner has failed (i) to provide a full and fair hearing, (ii) to make explicit findings, or (iii) to have correctly applied the law and regulations. Melkonyan, 501 U.S. at 101. However, this Court should order the payment of benefits when a remand for further proceedings is unnecessary because the record contains persuasive proof of disability. See Carroll v. Secretary of Health and Human Serv., 705 F.2d 638, 644 (2d Cir. 1981). The goal of this policy is to "shorten the often painfully slow process by which disability determination are made." Id. Given this Court's finding that (1)

the ALJ's decision was not proper as a matter of law nor was it supported by substantial evidence in the record, and that (2) the record contains substantial evidence of disability such that further administrative proceedings would serve no purpose, Plaintiff's motion is granted.

**II. The ALJ's decision was not supported by substantial evidence and was improper as a matter of law.**

The Commissioner concedes that the ALJ did not properly evaluate Plaintiff's impairments, the medical opinions, or Plaintiff's residual functional capacity, but asserts that there is substantial evidence in the record to support the ALJ's finding that the Plaintiff is not disabled. See Def. Mot. at 16 (Docket No. 6). In addition, the Commissioner contends that a remand for further proceedings is necessary and appropriate. Plaintiff argues, inter alia, that the ALJ failed to follow Judge Siragusa's remand order to properly evaluate the evidence. The Plaintiff also claims that the ALJ improperly discounted the treating physician's medical opinion, improperly discounted Plaintiff's complaints of pain, and improperly substituted his own judgment for competent medical opinion. For the reasons set forth below, the ALJ's decision denying Plaintiff's application for DIB benefits is reversed and the matter is remanded for calculation and payment of benefits.

### A. The ALJ failed to give the controlling weight to the opinion of Plaintiff's treating physician.

Plaintiff contends that the ALJ failed to properly assign controlling weight to the opinion of her treating physician, Dr. Andrew M. Kane. The Commissioner agrees that the ALJ incorrectly dismissed Dr. Kane's opinion because it was not based upon objective medical evidence. Upon review of the record, I find that the ALJ improperly discounted Dr. Kane's medical opinion regarding Plaintiff's impairments and her residual functional capacity and erroneously relied on the consulting physicians' opinions.

In general, the Second Circuit has held that a treating physician's opinion is accorded more weight that a consulting physician. See 20 C.F.R. §§ 416.927 (d)(2), 416.1527(d)(2). Under the treating physician rule, a treating physician's opinion is entitled to controlling weight if it is well-supported by medical findings and is consistent with other substantial evidence. See Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998)(citing 20 C.F.R. § 404.1527(d)(2)). In addition, if an ALJ chooses to discount a treating physician's opinion, a specific explanation for such a decision is required. See 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").

When a treating physician's opinion is not given controlling weight, adjudicators must apply various factors in order to

ascertain the weight to give the opinion: (1) the frequency of examination and the length, nature and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the opinion is from a specialist; and (5) other relevant factors. See 20 C.F.R. § 416.927; see also Rosa v. Callahan, 168 F.3d 72, 78 (2d Cir. 1999); SSR 96-2p.

In the present case, the ALJ determined that the opinion of Dr. Kane, Plaintiff's treating physician, was not entitled to controlling weight because it was not based on objective medical evidence. (Tr. 288). In contrast, the ALJ gave significant weight to the two consultative examiners, Dr. Medalle and Dr. Thomassen, both of whom examined Plaintiff on only one occasion. (Tr. 285-288). The record also reveals that the ALJ failed to consider any of the relevant factors when determining the weight to be accorded to any of the physicians' medical opinions.

The ALJ's rejection of Dr. Kane's medical opinion regarding the severity of Plaintiff's fibromyalgia[2] was improper and demonstrates his misunderstanding of the disorder. The Commissioner, in its brief, conceded that "the ALJ did not adequately evaluate plaintiff's impairments. For example, although

---

[2] Fibromyalgia is a chronic condition causing widespread soft-tissue pain, involving particularly the neck, shoulders, back, and hips. This disorder is also accompanied by weakness, fatigue, depression, and sleep disturbance and is often diagnosed when there is point tenderness found in 11 of 18 specific sites. See Stedman's Medical Dictionary, 725 (28th ed. 2006).

-8-

the ALJ acknowledged that plaintiff had fibromyalgia, he generally relied upon the lack of objective evidence in deciding plaintiff's claim. However, objective findings in cases involving fibromyalgia and similar disorders may be minimal. (citing <u>Green-Younger v. Barnhart</u>, 335 F.3d 99, 108 (2d Cir. 2003). The nature and severity of plaintiff's fibromyalgia must be further explored on remand." (Deft. Brief, p. 16.) Fibromyalgia has been recognized as a disorder that is not easily detected with standard clinical tests, but is nonetheless a disorder that is a potentially severe impairment that would support a claim of disability under the Social Security Act. <u>See</u> <u>Brunson v. Barnhart</u>, 2002 WL 393078 at 15 (E.D.N.Y. 2002)(citing <u>Lisa v. Secretary of Health & Human Servs.</u>, 940 F.2d 40, 44-45 (2d Cir.1991)). Thus, the lack of clinical findings in Dr. Kane's report does not support the ALJ's rejection of his medical opinion. <u>See</u> <u>Green-Younger v. Barnhart</u>,335 F.3d 99, 108 (2nd Cir. 2003) (finding that the ALJ erred in failing to give controlling weight to the treating physician and for requiring "objective evidence [of fibromyalgia,] a disease that eludes such measurement").

I find that Dr. Kane's medical opinion is entitled to controlling weight in this case, as it is consistent with the record as a whole and is not contradicted by any of the medical evidence. Dr. Kane's medical reports demonstrate a well-documented, long history of treatment for Plaintiff's fibromyalgia

and the symptoms associated with her disorder. Plaintiff was diagnosed with fibromyalgia on December 12, 1999 by a rheumatology specialist, and was seen by Dr. Kane at least once every other month. (Tr. 222-28). Dr. Kane's notes reveal that Plaintiff's fibromyalgia was quite active prior to her alleged disability onset date and that Plaintiff was concerned about the impact her fibromyalgia would have on her ability to work. (Tr. 168).

Since January 6, 2001[3], Plaintiff has continued to exhibit numerous positive trigger points, which are indicative of active fibromyalgia. (Tr. 157, 168). Dr. Kane's notes indicate that Plaintiff has consistently complained of symptoms associated with fibromyalgia including: weakness, fatigue, inability to sleep, and depression. (Tr. 147, 152, 157, 159, 165, 167-68). In addition, Plaintiff testified that her current medications include Nortriptyline, a tricyclic antidepressant, and Hydrocodone[4] and Tramadol[5] for pain. (Tr. 503).

Dr. Kane's assessments of Plaintiff are accurately reflected in his residual functional capacity ("RFC") forms, which indicate

---

[3] This is the amended date for the onset of her disability.

[4] "Hydrocodone is an...analgesic agent for the treatment of moderate to moderately severe pain. Studies indicate that hydrocodone is...nearly equipotent to morphine for pain relief." U.S. Drug Enforcement Administration, www.usdoj.gov/dea/concern/hydrocodone.html.

[5] Tramadol is an opiate agonist used to relieve moderate to moderately severe pain. Tramadol is generally prescribed to those who require medication to relieve constant and chronic pain. Medicine Plus, a service of the U.S. National Library of Medicine and the National Institutes of Health, http://www.nlm.nih.gov/medlineplus/druginfo/meds/a695011.html.

that Plaintiff's fibromyalgia has a profound impact on her ability to work an 8-hour day. In an RFC completed on March 27, 2004, Dr. Kane stated that Plaintiff is limited in her ability to carry anything more than ten pounds, she is unable to sit for more than 15 minutes at a time because of pain and stiffness, and she has severe postural limitations. (Tr. 229-232). Dr Kane also assessed Plaintiff's mental capacity and indicated that she would have a slight impairment in her ability to make judgments on simple work-related decisions, as well as being able to respond appropriately to work-related pressures. (Tr. 233-34). Lastly, Dr. Kane expressed on several occasions that Plaintiff's "severe fibromyalgia" has a profound impact on her ability to perform even sedentary work and it would result in multiple absences from work during any given month. (Tr. 152, 356-59, 430). The Commissioner, in its brief, conceded "additionally, the ALJ did not provide an adequate basis for his residual functional capacity finding." Citing Social Security Ruling 96-8p which requires that the residual functional capacity assessment must include a discussion of how the evidence supports each conclusion, citing specific medical facts and non-medical evidence. (Deft. Brief, p. 17.)

I find that Dr. Kane's medical opinion is entitled to controlling weight as it is supported by substantial evidence in the record and supports a conclusion that Plaintiff's fibromyalgia was severe. In contrast, the ALJ incorrectly relied on a one-time

statement by Dr. Kane in which he vaguely refers to Plaintiff's fibromyalgia as "stable" and gave controlling weight to the opinions of two consultative examiners, who lack any relationship with Plaintiff beyond each seeing Plaintiff on one occasion. (Tr. 285-289).

    B. <u>The ALJ improperly dismissed consideration of Plaintiff's subjective complaints.</u>

    In cases where fibromyalgia is the alleged disability, a claimant's testimony, regarding her symptoms from the disorder, should be given increased importance in the ALJ's determination of whether the claimant is disabled. <u>See</u> <u>Soto v. Barnhart</u>, 242 F.Supp.2d 251, 256 (W.D.N.Y. 2003). The increased importance of a claimant's subjective complaints is based on the lack of objective medical evidence available to identify fibromyalgia and the severity of the disorder. <u>Id.</u>

    In the present case, the ALJ determined that Plaintiff's subjective complaints of pain were generally credible, but not to the extent alleged. (Tr. 288). Plaintiff contends that the ALJ improperly minimized and disregarded her subjective complaints of pain. (Pl. Mem. at 11). The ALJ's conclusions resulted from a disregard of substantial medical evidence in the record of Plaintiff's continuous and well-documented reports of pain and fatigue related to her fibromyalgia. (See Tr. 147-173, 256-262, 506-10)

In deciding whether to accept evidence of subjective testimony in support of a plaintiff's claim for disability, the ALJ must engage in a two-stage analysis. The claimant is required to (1) produce objective medical evidence of one or more impairments; and (2) show that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. See Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir.1996); 20 C.F.R. § 416.929. The second stage of the analysis requires the ALJ to assess the credibility of the claimant's testimony regarding the severity of his or her symptoms. Absent evidence of malingering, the ALJ is required to accept the claimant's testimony. In failing to assign a claimant substantial credibility, the ALJ is required to make specific findings, including a clear and convincing rationale for the rejection, stating which testimony is not credible and what facts in the record lead to that conclusion. See Smolen, 80 F.3d at 1284.

Here, Plaintiff has met her burden with regard to the first stage of the analysis. The ALJ found that the Plaintiff's medically determinable impairments could have been reasonably expected to produce the alleged symptoms. (Tr. 288). However, with regard to the second part of the test, the ALJ chose to entirely reject Plaintiff's subjective complaints of pain. Id. None of the ALJ's reasons for doing so, either separately or in combination,

provide a valid basis for rejecting her subjective complaints. (Compare Tr. 288 and Tr. 147-173, 256-262, 506-10).

A claimant's credibility and motivation, as well as the medical evidence of impairment, are used to evaluate the true extent of the alleged pain and the degree to which it affects the claimant's ability to engage in substantial gainful employment. <u>See Marcus v. Califano,</u> 615 F.2d 23, 27 (2d Cir.1978). In an ALJ's evaluation of a claimant's subjective complaints, the ALJ must consider several factors pursuant to 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3):

> (i) [The claimant's] daily activities;
>
> (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate ... pain or other symptoms;
>
> (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of ... pain or other symptoms;
>
> (vi) Any measures [the claimant] use[s] or ha[s] used to relieve ... pain or other symptoms (e.g., lying flat on [his] back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

<u>See</u> 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2003).

In the present case, the ALJ concluded that Plaintiff's allegations of disabling pain were exaggerated because (1) her activities of daily living were inconsistent with her claim of being disabled, and (2) the record was devoid of objective medical evidence illustrating her pain. (Tr. 288). I find, however, that the ALJ's credibility determination was not supported by the record.

First, the ALJ inappropriately utilized the lack of objective medical evidence establishing the presence of Plaintiff's fibromyalgia to diminish her credibility. See Green-Younger, 335 F.3d at 108-09 (finding that the "absence of swelling joints or other orthopedic and neurologic deficits is no more indicative that the patient's fibromyalgia is not disabling than the absence of a headache is an indication that a patient's prostate cancer is not advanced.") (internal quotations and citations omitted). It was erroneous for the ALJ to have discounted the severity of Plaintiff's complaints related to her fibromyalgia based on the lack of objective medical evidence since there is no clinical test available to identify fibromyalgia and its severity. Id. at 109. Likewise, the Plaintiff's treating physician confirmed the diagnosis of fibromyalgia and documented the severity of Plaintiff's condition over and extended period of time, and, as stated above, his opinion should be accorded controlling weight. (Tr. 147-173).

Second, Plaintiff's contentions concerning the duration, frequency, and intensity of her pain and its impact on her daily activities are well-supported by her testimony and by the medical evidence in the record, and consistent with symptoms of fibromyalgia. The ALJ's determination that Plaintiff exaggerated the severity of her pain is based on the ALJ's misrepresentation of Plaintiff's daily activities. (Tr. 288). The ALJ concluded that Plaintiff engages in a broad range of daily activities such as cleaning, cooking, washing dishes, visiting friends, shopping, and carrying packages. Id. However, Plaintiff's testimony at both hearings revealed that she is very limited in her ability to complete any of these tasks and often only engages in minimal household chores with the assistance of her husband. (Tr. 256-262, 506-10). Plaintiff also asserted that she becomes easily fatigued when attempting to do any of these activities. Id. Furthermore, Plaintiff's testimony is consistent with Dr. Kane's reports, in which Plaintiff's long-standing history of pain and her multiple attempts to seek treatment and/or medication to alleviate the pain are clearly documented. (Tr. 147-73).

A plaintiff "'need not be an invalid to be found disabled' under the Social Security Act." Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998)(quoting Williams v. Bowen, 859 F.2d 255, 260 (2d Cir. 1988). I find that Plaintiff's limitations in performing daily activities are consistent with someone who is disabled

withing the meaning of the Social Security Act. Moreover, I find no evidence that would suggest malingering on the Plaintiff's behalf, and as such her subjective testimony is entitled to substantial credibility as a matter of law. Smolen, 80 F.3d at 1284; SSR 96-7p.

C. The ALJ wrongly substituted his own judgment for competent medical opinions in the record.

An ALJ's determination that a claimant is not disabled must be based on competent medical evidence and supported by substantial evidence in the record. In making this determination, an ALJ cannot "arbitrarily substitute his own judgment for competent medical opinion." Rosa, 168 F.3d at 79.

On several occasions in his decision, the ALJ makes medical judgments which are not based on substantial medical evidence in the record.[6] Most notably, the ALJ determines that Plaintiff is able to perform light or sedentary work - but provides no support for this determination. In addition, the ALJ actively ignores the four RFC's completed by her treating physician, Dr. Kane, in which Dr. Kane opines that Plaintiff is limited to less than sedentary work. The ALJ also misstated Plaintiff's subjective testimony regarding her performance of daily activities in an effort to support his decision that her complaints of pain were exaggerated.

I find that the ALJ's decision that Plaintiff's complaints of

---

[6] Indeed, the Commissioner, in its brief, frankly admits "in sum, the ALJ failed to adequately consider and evaluate evidence concerning plaintiff's condition during the relevant period. Where the Commissioner's regulations have not been followed, remand for further proceedings is necessary." (Deft. Brief, p. 17, 18.)

pain lacked credibility was not supported by substantial evidence in the record, but instead represented his own opinion and completely disregarded the opinion of Plaintiff's treating physician regarding Plaintiff's disability.

## III. The ALJ erred in finding that the Plaintiff could perform light work

The ALJ's decision that Plaintiff could perform light exertional work is not supported by substantial evidence in the record. (Tr. 289).

The ALJ rejected substantial evidence in the record when determining Plaintiff's capacity to work, including Plaintiff's treating physician's opinion and Plaintiff's subjective complaints. The record supports a finding that Plaintiff is limited in her capacity to lift no more than ten pounds, cannot sit for more than 15 minutes, can stand or walk for less than 2 hours a day, and has numerous postural and environmental limitations which aggravated her fibromyalgia. (Tr. 229-34, 500-15). As such, Plaintiff is limited at most to work at the sedentary level of exertion. See 20 C.F.R. § 416.967(a). Applying the Plaintiff's age of 49 at the onset of her disability, her limited 9th grade educational background, and her lack of transferable skills to the Medical-Vocational Guidelines found in Appendix 2 of 20 C.F.R. Part 404, Subpart P, Plaintiff is "disabled" under rule 201.10 as of her amended disability onset date, January 6, 2001.

**CONCLUSION**

This Court finds that the Commissioner's decision denying Plaintiff benefits for DIB was not supported by substantial evidence. The record contains substantial evidence of Plaintiff's disability within the meaning of the Social Security Act, such that a second remand for further evidentiary proceedings would serve no purpose. I therefore grant judgment on the pleadings in favor of Plaintiff and remand this matter to the Social Security Administration for calculation of benefits.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:   Rochester, New York
         September 2, 2009